UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-cv-00212-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ROB BONTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2). The court will grant the in forma pauperis application and screen the complaint.

### Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4    relief."  *Id.* § 1915A(b).

5         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

6    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

7    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

8    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

9    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

10   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

11   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

12   U.S. 662, 679 (2009).

13        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

16   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

17   678.

18        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

19   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

20   content that allows the court to draw the reasonable inference that the defendant is liable for the

21   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

22   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

23   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

24   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25                                    Screening Order

26        Plaintiff's complaint cannot survive screening because it violates Rule 8.  A sufficiently

27   plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them."

28   *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Here, when asked on the form civil rights

complaint to identify the "issue involved," plaintiff checked every single box, which includes the following: basic necessities, disciplinary proceedings, excessive force by an officer, mail, property, threat to safety, access to the court, exercise of religion, other (not specified), medical care, and retaliation. *See* ECF No. 1 at 3, 4, 5. Plaintiff does not elaborate on these "issues" in the body of the complaint, and thus, none of the defendants are clearly linked to the purported violations of plaintiff's civil rights. Further, the conclusory nature of plaintiff's allegations and how, if at all, each individual was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them.

Plaintiff's complaint also names defendants who are immune from suit, including superior court judges, a prosecutor, and court-appointed attorneys. *See* ECF No. 1 at 8-9. Plaintiff claims that the judges denied him legal assistance and that the prosecutor and court-appointed attorneys denied him "relief." *Id.* The judges, however, are immune from plaintiff's suit to the extent plaintiff's claims against them are based on acts performed in their capacities as judges. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (1986). The attorneys are also immune from plaintiff's suit. *See Fry v. Melaragno*, 939 F.2d 832, 837 (1991) ("Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'" (citation omitted)).

The substance of the complaint details plaintiff's underlying conviction from 1992 and complains of an unfair jury, incompetent counsel, and false imprisonment. *See* ECF No. 1 at 10-11. These claims, if successful, would necessarily undermine the duration of plaintiff's current confinement. The rule announced in *Heck v. Humphrey*, 512 U.S. 477, (1994), states that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The complaint itself is premised on the allegation that no such relief has been granted. Indeed, the substance of

3

1   plaintiff's allegations sound in habeas rather than the conditions of his confinement.  *See, e.g.,*

2   ECF No. 1 at 7 (alleging "excessive confinement false imprisonment; and general obstruction of

3   the due course of justice on state/federal courts to prolong[ ] incarceration with racial

4   bias/madness/abuse of power/authority due to plaintiff's criminal case factors and nationality

5   origin").  To the extent plaintiff is requesting to be released from custody, his claim must be

6   brought in a habeas action.  *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016)

7   (claims which would result in immediate release if successful fall within core of habeas corpus;

8   claims which would not necessarily affect the length of time to be served if successful fall outside

9   core of habeas corpus and must be brought, if at all, under § 1983).

10           Based on the foregoing, the court will dismiss plaintiff's complaint with leave to amend.

11                                         Leave to Amend

12           Plaintiff may choose to amend his complaint.  He is cautioned that any amended

13   complaint must identify as a defendant only persons who personally participated in a substantial

14   way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir.

15   1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

16   participates in another's act or omits to perform an act he is legally required to do that causes the

17   alleged deprivation).  Plaintiff may also include any allegations based on state law that are so

18   closely related to his federal allegations that "they form the same case or controversy."  *See* 28

19   U.S.C. § 1367(a).

20           The amended complaint must also contain a caption including the names of all defendants.

21   Fed. R. Civ. P. 10(a).

22           Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

23   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring unrelated claims against

24   multiple defendants.  *Id.*

25           Any amended complaint must be written or typed so that it so that it is complete in itself

26   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

27   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

28   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

                                              4

1   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

2   being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

3   1967)).

4        Any amended complaint should be as concise as possible in fulfilling the above

5   requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

6   background which has no bearing on his legal claims.  He should also take pains to ensure that his

7   amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

8   and organization.  Plaintiff should carefully consider whether each of the defendants he names

9   actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

10  which plaintiff names dozens of defendants will not be looked upon favorably by the court.

11                                        Conclusion

12       Accordingly, it is ORDERED that:

13       1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

14       2.      Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

15  in accordance with the notice to the California Department of Corrections and Rehabilitation filed

16  concurrently herewith;

17       3.      Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days

18  of service of this order; and

19       4.      Failure to comply with this order may result in dismissal of this action.

20

21  DATED: February 27, 2023.

22                                        EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                          5