UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>    Plaintiff,<br><br> v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | No. 2:23-cv-00212-KJM-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On February 27, 2023, upon screening pursuant to 28 U.S.C. § 1915A, the court dismissed plaintiff's complaint with leave to amend. ECF No. 6. The court ordered plaintiff to file any amended complaint within thirty days. Plaintiff failed to do so, and on April 10, 2023, Findings and Recommendations were entered recommending that this action be dismissed for the reasons stated in the February 27, 2023 screening order. ECF No. 9. Plaintiff has since filed an amended complaint and, accordingly, the court withdraws its April 10, 2023, Findings and Recommendations (ECF No. 9).

/////
/////
/////
/////
/////
/////

1

The court now screens the newly filed First Amended Complaint and recommends that it be dismissed without leave to amend.[1]  Plaintiff has also filed numerous motions, including a motion for equitable tolling and motions for injunctive relief.  *See* ECF Nos. 10, 12, 13, 14, 15.  Because the court recommends that the complaint be dismissed without further leave to amend, the court also recommends that these motions be denied as moot.

Like the original complaint, plaintiff's amended complaint (ECF No. 11) concerns his underlying murder conviction from 1992.  Specifically, plaintiff alleges ineffective assistance of counsel (*id.* at 3, Claim I) and argues that he did not have the requisite "mens rea" to be convicted (*id.* at 4, Claim II).  In the prior screening order, the court informed plaintiff that he could not proceed with such claims:

> These claims, if successful, would necessarily undermine the duration of plaintiff's current confinement.  The rule announced in *Heck v. Humphrey*, 512 U.S. 477, (1994), states that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 751 (2004).  The complaint itself is premised on the allegation that no such relief has been granted.  Indeed, the substance of plaintiff's allegations sound in habeas rather than the conditions of his confinement.  *See, e.g.,* ECF No. 1 at 7 (alleging "excessive confinement false imprisonment; and general obstruction of the due course of justice on state/federal courts to prolong[ ] incarceration with racial bias/madness/abuse of power/authority due to plaintiff's criminal case factors and nationality origin").  To the extent plaintiff is requesting to be released from custody, his claim must be brought in a habeas action.  *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

ECF No. 6 at 3-4.  Thus, Claims I and II are *Heck* barred and sound in habeas.  These claims cannot survive screening.

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In Claim III of the amended complaint, plaintiff recites a general list of additional violations, including racial bias, mail interference, due process, equal protection, right to safety, right to be free from abuse and punishment, and access to the courts. ECF No. 11 at 5. Like the conclusory allegations of the original complaint, these allegations are also insufficient to survive screening:

> A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, when asked on the form civil rights complaint to identify the "issue involved," plaintiff checked every single box, which includes the following: basic necessities, disciplinary proceedings, excessive force by an officer, mail, property, threat to safety, access to the court, exercise of religion, other (not specified), medical care, and retaliation. *See* ECF No. 1 at 3, 4, 5. Plaintiff does not elaborate on these "issues" in the body of the complaint, and thus, none of the defendants are clearly linked to the purported violations of plaintiff's civil rights. Further, the conclusory nature of plaintiff's allegations and how, if at all, each individual was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them.

ECF No. 6 at 2-3. Like the original complaint, plaintiff fails to add any context to his list of alleged violations. There are no factual allegations demonstrating how plaintiff's rights were violated and no showing as to how any specific individual personally participated in violating any of those rights. Thus, Claim III violates Rule 8 and fails to state a claim upon which relief could be granted.

Despite notice of the deficiencies in the complaint and an opportunity to amend, plaintiff is unable to state a claim upon which relief could be granted. The court finds that further leave to amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, IT IS ORDERED that the April 10, 2023 findings and recommendations (ECF No. 9) are withdrawn.

/////

/////

/////

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted and all outstanding motions (ECF Nos. 10, 12, 13, 14, 15) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 2, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE